## Farquhar *v.* Webster, Monessen, Bellevernon & Fayette City Street Railway Company, Appellant.

*Negligence—Street railways—Automobiles—Passenger in automobile—Contributory negligence.*

In an action against a street railway company to recover damages for the death of plaintiff's wife and injuries to his children, resulting from a collision between one of defendant's cars and an automobile in which the plaintiff and his family were riding as friendly guests of the owner and driver of the machine, no recovery can be had, where the evidence shows that the accident occurred at night at a point with which the plaintiff was familiar; that it was caused by the negligence of the driver in not stopping, looking and listening before going upon the railway track, although the headlight of the car had been seen; that the driver had consulted with the plaintiff as to the propriety of crossing and the latter had made no objection; and that he had made no request of the driver to stop and let him and his family out of the automobile.

Argued April 16, 1912.   Appeal, No. 14, April T., 1912, by defendant, from judgment of C. P. Westmoreland Co., Nov. T., 1909, No. 582, on verdict for plaintiff in case of J. H. Farquhar v. Webster, Monessen, Bellevernon & Fayette City Street Railway Company.   Before RICE, P. J., HENDERSON, MORRISON, ORLADY, HEAD and PORTER, JJ. Reversed.

Trespass to recover damages for death of plaintiff's wife and injuries to his children.   Before DOTY, P. J.

· The facts appear by the opinion of the Superior Court,

and by the report of Odbert v. Webster, Monessen, Bellevernon & Fayette City Street Railway Company, ante, p. 525.

The court refused binding instructions for defendant.

Verdict and judgment for plaintiff for $1,437.57. Defendant appealed.

*Error assigned* was in refusing binding instructions for defendant.

*C. E. Whitten,* of *Gaither & Whitten,* with him *David McCloskey,* for appellant.—The negligence of Odbert, the chauffeur, cannot be imputed to the appellee; but he is responsible for his own conduct: Dean v. Penna. R. R. Co., 129 Pa. 514; Brommer v. R. R. Co., 179 Fed. Repr. 577.

*Adam M. Wyant,* with him *Edward E. Robbins,* for appellee.

OPINION BY MORRISON, J., July 18, 1912:

This action of trespass for personal injuries and the one of H. N. Odbert against the same defendant were both brought on the same day and were tried together and the judgment in each case entered on the same day and the appeals taken to this court at the same time.

The accident giving rise to the two suits was a collision between Odbert's automobile and a car on the defendant's street railway, which happened on the evening of November 22, 1908, where the public road crosses the tracks of the defendant company in Rostraver township, Westmoreland county, between Bellevernon and Monessen. The plaintiff in the Odbert case was at the wheel driving his own car and Farquhar, the plaintiff in this case, was sitting in the front seat at Odbert's left and the testimony shows that both Odbert and Farquhar saw, or had the opportunity of seeing, the same things immediately before the accident. At the trial Odbert was a witness for

Farquhar and the latter was a witness for Odbert. The only material difference in the two cases is that Odbert was driving his own car in which his wife and children were seated and Farquhar and his wife and children were friendly passengers, not for hire, in the same car. The accident occurred in the evening when it was dark. The evidence shows clearly and conclusively that before the car crossed the Erie Railroad tracks both Odbert and Farquhar saw the headlight of a car coming towards them from Monessen and they were going in the direction to meet the car. The evidence further shows that when Odbert and Farquhar saw the headlight before crossing the Erie Railroad tracks they discussed it and concluded that they had plenty of time to cross said tracks and run 170 feet between that crossing and the place of the accident and cross the street railway track ahead of the car. It also appears from the evidence that at the coroner's inquest Odbert and Farquhar admitted that they saw the car before they crossed the Erie tracks, but at the trial they claimed that what they meant was that they saw the headlight but did not see the car. This is clearly an attempt to make a distinction where there is no substantial difference.

There is a mass of testimony, not inconsistent with that of the plaintiff establishing the fact that the car was well lighted and that there was a bright headlight on the car up to the moment of the collision when it was extinguished. Our conclusion is that the plaintiff in the present case cannot recover on account of his own contributory negligence and in support of this conclusion we refer to our opinion this day filed in H. N. Odbert v. Webster, Monessen, Bellevernon, & Fayette City St. Ry. Co., ante, p. 525. Under the plaintiff's own testimony offered in support of his case, and that on the part of the defendant which is not inconsistent therewith, we cannot escape the conclusion that the plaintiff was guilty of gross negligence and that the learned court erred in submitting the case to the jury. Before crossing the tracks of the Erie

Railroad both the plaintiff and Odbert saw a headlight ahead of them and talked about it and concluded that they had time to cross the track ahead of it.   Again, after crossing the railroad tracks, they saw a light ahead but were in doubt as to what it was.   Plaintiff further testified: "We proceeded to cross the street car tracks and just as we were almost across the light flashed upon us and the crash almost simultaneously."   Although it was dark plaintiff and Odbert both testified that they saw the headlight half a mile away.   Nevertheless, as the automobile approached the appellant's tracks, appellee made no request to plaintiff, the driver, to stop, and let him and his family out of the automobile, nor did he object to the attempt to cross the track ahead of the car.   Therefore he must have consented to test the danger whatever it might be.   The undisputed evidence shows that both Odbert and the plaintiff were very familiar with the situation at the place of the accident.   Therefore, upon the plaintiff's own testimony and that of his witnesses and the testimony of a large number of witnesses on the part of the defendant, whose testimony is not in conflict with the plaintiff's testimony, we reach the conclusion that, conceding the defendant's negligence, the plaintiff was clearly guilty of contributory negligence because he not only agreed with Odbert that they had time to cross ahead of the car but he failed to give Odbert any warning or make any protest against the attempt to cross the track at the place of the accident ahead of the car.

It is true that the negligence of Odbert, the driver of the car, cannot be imputed to the plaintiff, but he is responsible for his own conduct.   What then was the duty the law required of him?   We think this is fully answered in Dean v. Penna. Railroad Co., 129 Pa. 514.   Having arrived at a satisfactory conclusion, to us, that Odbert was guilty of contributory negligence, as we have endeavored to show in the opinion filed in his appeal, and in view of the testimony in the present case, we feel compelled to hold that the plaintiff in this case is equally guilty

of contributory negligence and this requires us to hold, as a matter of law, that he could not recover. In reaching this conclusion the argument of the learned counsel for the plaintiff and the authorities cited by them have received careful consideration, but we are not convinced that the learned court below ought to have submitted the case to the jury.

The assignments of error are all sustained and the judgment is reversed, and judgment is here entered for the defendant non obstante veredicto.